IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| **DEBORAH VILLOCH** <br> 42452 Leesylvania Court <br> Ashburn, VA 20148 <br><br> Plaintiff, <br><br> v. <br><br> **ALEJANDRO MAYORKAS, SECRETARY** <br> **UNITED STATES DEPARTMENT OF HOMELAND SECURITY** <br> 245 Murray Lane, SW <br> Washington, D.C. 20528-0190 <br><br> Defendant. <br><br> **SERVE:** <br><br> Merrick Garland, <br> Attorney General of the United States <br> United States Department of Justice <br> 950 Pennsylvania Avenue NW, <br> Washington, DC 20530 <br><br> Jessica D. Aber, <br> Assistant United States Attorney <br> United States Attorney Office <br> 2100 Jamieson Ave <br> Alexandria, VA 22314 | CIVIL ACTION NO.: <br><br><br> **JURY TRIAL** <br> **DEMANDED** |

## COMPLAINT

Plaintiff, Deborah Villoch, by way of her attorney, Rosanna C. Lopez, Esq., hereby brings this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., against Defendant Alejandro Mayorkas, in his official capacity as Secretary of the United

States Department of Homeland Security (herein "DHS"), for unlawful discrimination and retaliation for engaging in protected activity.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under federal law, i.e., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et. seq.

2. Venue is appropriate in this Court under 28 U.S.C. 1391(e) because the Defendant is an employee of DHS acting in his official capacity, and all the adverse actions giving rise to the Plaintiff's claims occurred in the Eastern District of Virginia. Venue is also proper in the Eastern District of Virginia because the Plaintiff resides in the said district and no real property is involved in the action.

## PARTIES

3. Plaintiff, Deborah Villoch, is an individual citizen and resident of Ashburn, Virginia. She is Puerto Rican and identifies herself as Hispanic/Latina.

4. Plaintiff, at all times relevant hereto, was an employee of Defendant and worked in Ashburn and Arlington, Virginia.

5. The Defendant, Alejandro Mayorkas, is the Secretary of DHS. He is being sued in his official capacity.

## ADMINISTRATIVE EXHAUSTION

6. Ms. Villoch timely filed a charge with the Equal Employment Opportunity Office of (Agency Case No. HS-CISA-00183-2022) for reprisal for engaging in protected activity.

7. Ms. Villoch received the Final Agency Decision and Right to File a Civil Action on November 10, 2022.

## RELEVANT BACKGROUND

8. On or about December 8, 2008, Ms. Villoch began her career with DHS as a Management and Program Analyst.

9. At all times relevant to the instant complaint, Ms. Villoch worked at Cybersecurity and Infrastructure Security Agency (herein "CISA") employed as a Management and Program Analyst/Professional Development and Training Administrator in the National Risk Management Center (NRMC), in Arlington, Virginia.

10. On or about July 18, 2021, Ms. Villoch entered into a Settlement Agreement with the Defendant regarding a prior EEOC complaint (Agency Case No. HQ-00238-2018), initiated on February 20, 2018.

11. On or August 1, 2021, Ms. Villoch began working for Joseph Cassone, Associate Chief, Security Programs Division, on a 120-day detail, which was renewable for an additional 120 days.

12. Ms. Villoch and Mr. Cassone had previously worked together, had developed a good working rapport and he had encouraged her to try and work with the Security Programs Division.

13. Mr. Cassone was Ms. Villoch's day-to-day supervisor and Stanley Greene, (herein "Greene"), Program Specialist, (formerly Chief of Administrative Services), was her supervisor of record.

14. Mr. Greene had signing authority for Ms. Villoch's timesheet.

## FACTS

15. As noted, Ms. Villoch began her detail on or about August 1, 2021. She hit the ground running and immediately embraced her new position.

16. On or about September 10, 2021, Ms. Villoch created a draft time on a PP-18 timecard to change the Alternative Work Schedule (herein "AWS") day.

17. Almost immediately, and just two months after Ms. Villoch engaged in protected activity, Mr. Greene, questioned Ms. Villoch, regarding "an unsubstantiated change to her work schedule".

18. Mr. Greene contacted Mr. Cassone to inquire as to the change and inform him that he had not authorized it.

19. Mr. Greene's actions cast a negative light on Ms. Villoch and gave the impression that Ms. Villoch was acting in a dishonest manner.

20. On or around mid-September 2021, Ms. Villoch applied for a Chief of Staff position at the Alcohol, Tobacco and Firearms Division of the Department of Justice, which was a GS-15 position. This position required a supervisor's recommendation. Initially, she did not request a recommendation from Mr. Greene as she knew he would withhold it in retaliation for her past protected activity. Nonetheless, Ms. Villoch requested a recommendation from Mr. Greene after he became aware that she had sought one from her second-line supervisor Babatope Dada, Chief of Operations.

21. On or about September 27, 2021, Mr. Greene declined Ms. Villoch's request for a recommendation for a supervisory position.

22. During September 2021, Ms. Villoch had completed the second round of interviews for the Chief of Staff position. However, when Mr. Greene would not provide a recommendation, she was not selected for the position.

23. Ms. Villoch was (is) a GS-14 and due to Mr. Greene's retaliatory behavior, she missed an opportunity for a promotion and career advancement when she was not selected for the Chief of Staff position.

24. On or about October 4, 2021, Mr. Greene questioned Ms. Villoch about her time and attendance, once again causing Ms. Villoch's actions to look deceitful or underhanded when she was not.

25. On or about Oct. 18, 2021, Mr. Greene issued Ms. Villoch a performance appraisal of "Meets Expectations" that was not reflective of her actual performance.

26. Mr. Greene never consulted with or requested input from Mr. Cassone for Ms. Villoch's performance evaluation despite that he was Ms. Villoch's supervisor during the performance review period.

27. On October 25, 2021, Mr. Greene issued Ms. Villoch a Notice of Proposed Three-day Suspension (herein "PFS"), alleging that Ms. Villoch was insubordinate for attending a training.[1]

28. On or about November 11, 2021, Ms. Villoch submitted a response to the PFS, challenging Mr. Greene's allegations. Ms. Villoch's response included documentation supporting her arguments that the PFS was meritless and only done to retaliate against Ms. Villoch.

29. In or around November 2021, Mr. Cassone did not renew Ms. Villoch's detail. This was disappointing because Ms. Villoch could have advanced to a training manager position, which was something that she and Mr. Cassone had previously discussed.

30. On or about December 7, 2021, Ms. Villoch went out on sick leave due to emergency surgery.

---

[1] Mr. Greene issued a Notice of Proposed Suspension on October 18, 2021, but rescinded it on the same day. He reissued it on October 25, 2021.

5

31. On or around ten or more occasions, Mr. Greene sent Ms. Villoch unwelcome emails, including an email to her personal email on December 20, 2021.

32. On or around March 16, 2022, Mr. Greene rejected Ms. Villoch's time and attendance submission and misled her to change her leave request to FMLA.

33. In or around March 30, 2022, Mr. Greene rejected Ms. Villoch's timecard submission and falsely insinuated that she had not completed it correctly.

34. On April 20, 2022, management issued a decision on the PFS and notified Ms. Villoch of a one-day suspension.

35. Shortly thereafter, on or about May 19, 2022, Ms. Villoch submitted an informal grievance regarding the decision to suspend her for a day. The suspension would result in no pay or benefits for a day and would become a permanent part of her personnel record.

36. On or about June 17, 2022, Ms. Villoch submitted her formal grievance to the one-day suspension decision.

37. On or about July 29, 2022, a decision to the grievance was issued wherein the decision to suspend Ms. Villoch was rescinded and all evidence of it removed from her personnel record.

38. From October 2021 through July 29, 2022, Ms. Villoch suffered extreme stress and anxiety, resulting in extreme stomach pains, elevated blood pressure, and elevated blood glucose levels.

39. Ms. Villoch was hospitalized several times during the time relevant to this complaint for stress-induced illnesses.

40. Ms. Villoch sought medical attention for elevated blood pressure during the time relevant to this complaint.

**COUNT I**
**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

41. Plaintiff re-alleges Paragraphs 1-40 and incorporates them fully herein.

42. Ms. Villoch alleges that the Defendant and/or agents or employees acting on its behalf, subjected her to adverse treatment in retaliation for her opposition to the Defendant's unlawful discriminatory employment practices (engaging in protected activity) in violation of Title VII, 42 U.S.C. § 2000e-3(a).

43. The Defendant's acts of reprisal against Ms. Villoch began just two months after she engaged in protected activity and included, but was not limited to, scrutinizing everything that she did, whether it was training, completing her timecard, or requesting a schedule change. Defendant also issued a proposed three-day suspension and refused to provide her a recommendation for a GS-15 position causing her to not to be selected and suffer financial loss from lack of promotion and career advancement.

44. Mr. Greene's constant attempts to make Ms. Villoch appear untrustworthy or deceitful caused Mr. Cassone not to renew her detail. As such, Ms. Villoch was thwarted from a potential training manager position.

45. Ms. Villoch's supervisor, Mr. Greene, who was responsible for the actions in Paragraph Nos. 43-44, had knowledge of Ms. Villoch's participation in EEO protected activity.

46. As a direct and proximate result of the Defendant's retaliatory conduct and behavior, Ms. Villoch suffered and continues to suffer economic loss and damages.

47. As a consequence of the Defendant's actions, Ms. Villoch has suffered and is suffering considerable injury, including loss of present and future earnings, other benefits and physical and mental distress as herein alleged.

48. As a consequence of the Defendant's actions, the Defendant is liable to Ms. Villoch for damages as well as for attorney's fees, the costs of this litigation, and accrued interest.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully requests this Court to:

A. Enter judgment for Plaintiff against Defendant on all Count(s).

B. Declare that the conduct of Defendant is in violation of Title VII, 42 U.S.C. §2000e-2(a)(1);

C. Award Plaintiff equitable relief, such as back pay and other economic losses (including the monetary equivalent of all sick leave used due to Defendant's unlawful actions and entitlements retroactive to the date of the unlawful action found to have occurred in this case;

D. Award Plaintiff compensatory damages for the injuries and losses that she suffered in an amount to be proved at trial;

E. Order Defendant to pay all reasonable attorneys' fees, court costs, and expenses incurred by Plaintiff as a result of Defendant's actions and inactions, as well as prejudgment and post-judgment interest; and

F. Order such other equitable and legal relief as the Court deems necessary and appropriate.

**JURY DEMAND**

Plaintiff requests a trial by a jury of their peers as to all claims set forth in this Complaint.

Dated: February 7, 2023                     Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　 _____/s/_____
　　　　　　　　　　　　　　　　　　　　　　 Rosanna Lopez, Esquire
　　　　　　　　　　　　　　　　　　　　　　 Virginia State Bar No. 70547
　　　　　　　　　　　　　　　　　　　　　　 Lopez & Wu, PLLC
　　　　　　　　　　　　　　　　　　　　　　 1818 Library Street, Suite 500
　　　　　　　　　　　　　　　　　　　　　　 Reston, Virginia 20190
　　　　　　　　　　　　　　　　　　　　　　 Phone: 703-835-6145
　　　　　　　　　　　　　　　　　　　　　　 Facsimile: 703-831-0181
　　　　　　　　　　　　　　　　　　　　　　 Email: rlopez@lopezandwu.com
　　　　　　　　　　　　　　　　　　　　　　 Attorney for Deborah Villoch