IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DEBORAH VILLOCH, | ) |
|       Plaintiff, | ) |
| v. | )    Case No. 1:23-cv-176 (TSE/LRV) |
| ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, | ) |
|       Defendant. | ) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

The arguments raised in Plaintiff's Opposition (Dkt. 28) do not cure the fundamental defects in her Amended Complaint. These defects are numerous. The vast majority of the incidents Plaintiff challenges do not amount to materially adverse actions and therefore are not actionable under Title VII. Nor does Plaintiff adequately allege that the purported retaliating decisionmaker, Stanley Greene, even knew about her protected activity. Even if he did have such knowledge, however, Greene was not responsible for the two arguably adverse actions Plaintiff challenges—her non-selection for a position in another agency, and another supervisor's decision not to renew her detail. Plaintiff offers no reason to infer that the actual decisionmakers were acting at Greene's behest or were otherwise rubberstamping his purportedly retaliatory intentions. In addition to this absence of retaliatory animus by the decisionmakers, Plaintiff has not plausibly alleged causation when there was a three- to five-month gap between when she speculates Greene learned about her protected activity and the employment actions she challenges. Under settled law in this Circuit, this months-long gap is insufficient to raise an inference of retaliation. Ultimately,

1

the Amended Complaint merely reflects Plaintiff's dissatisfaction with her work environment—not retaliation. For these reasons, and for those set forth in Defendant's opening brief (Dkt. 22), the Court should dismiss Plaintiff's Amended Complaint.

## ARGUMENT

### I. The Majority of the Incidents Plaintiff Challenges Are Not Materially Adverse

To succeed on her retaliation claim, Plaintiff must allege that she was subject to a "materially adverse" action, that is, one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination" under Title VII. *Laurent-Workman v. Wormuth*, 54 F.4th 201, 212-16 (4th Cir. 2022) (citation omitted). Aside from Greene's alleged refusal to provide a recommendation in support of Plaintiff's ATF application and Cassone's non-renewal of her detail—which Defendant assumes without conceding, solely for purposes of this motion, are materially adverse actions, *see* Dkt. 22, at 7—Plaintiff attempts to transform a series of minor workplace annoyances into materially adverse actions, *see* Dkt. 28, at 2-3. As explained in Defendant's opening brief, it is well-settled in the Fourth Circuit that the "petty slights" Plaintiff identifies—such as heightened scrutiny of her schedule—do not amount to materially adverse actions.[1] *See* Dkt. 22, at 7 (citing cases); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Plaintiff cannot escape the weight of this dispositive authority.

Plaintiff's contention that a "meets expectations" performance rating constitutes a

---

[1] To the extent Plaintiff seeks to rely on these minor annoyances in the aggregate to support her retaliation claim, she did not plead a retaliatory hostile work environment claim in the Amended Complaint and cannot amend that pleading via her brief. Dkt. 25 ¶¶ 51-58; *see S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("[P]arties cannot amend their complaints through briefing or oral advocacy."). Even if she had pled such a claim, however, the conduct Plaintiff challenges clearly is not sufficiently severe or pervasive to deter an employee from engaging in protected activity as required to sustain a retaliatory hostile work environment claim. *Laurent-Workman*, 54 F.4th at 216-17.

materially adverse action is similarly meritless. Dkt. 28, at 3-4. "[C]ourts in this circuit have repeatedly held that proposed termination, reprimands, performance improvement plans, *and negative performance evaluations* do not constitute materially adverse action[s]." *Harris v. Herring*, 2021 WL 100651, at *7 (E.D. Va. Jan. 12, 2021) (emphasis added) (citing cases); *see also Altman v. McHugh*, 2012 WL 1190271, at *17 (W.D. Va. Apr. 9, 2012) ("In the Fourth Circuit, a negative performance evaluation alone, without any accompanying injury or change in the terms or conditions of employment, is insufficient to constitute a materially adverse employment action."). Because even negative performance reviews do not constitute materially adverse actions, Plaintiff's "meets expectations" rating certainly does not. And despite Plaintiff's vague assertion in her Opposition that she suffered "financial loss" from a "loss in pay or bonus" as a result of this performance rating, Dkt. 28, at 4, she alleges no such thing in her Amended Complaint. Indeed, even her Opposition does not explain what alleged pay or bonus she was denied, when, or in what amount. This abject failure of pleading is insufficient "to nudge [her] claim of purposeful discrimination across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (cleaned up); *see also Widmer v. Austin*, 2022 WL 2959710, at *5 (E.D. Va. July 26, 2022) (allegation of a reduced performance rating, without "any consequences such as a resulting demotion or loss in pay," was too conclusory to plead a materially adverse action).

And finally, despite Plaintiff's protestations to the contrary, her one-day suspension—which she concedes was rescinded and removed from her personnel file—does not amount to a materially adverse action. It is well-settled that "proposed discipline that ultimately are not imposed, such as the Notice of Proposed Suspension here, do not constitute a materially adverse action." *Tankesley v. Vidal*, 2023 WL 4273763, at *24 (E.D. Va. June 29, 2023) (Ellis, J.); *see also*

Dkt. 22, at 8-9 & n.5 (citing cases). So too, here. Plaintiff successfully utilized the agency grievance process to expunge any trace of the suspension from her file. Am. Compl. ¶ 46. Although Plaintiff argues that she nevertheless suffered "collateral consequences" from the rescinded suspension, such as the time and resources she expended during the grievance process, Am. Compl. ¶ 47; Dkt. 28, at 4, these alleged costs were not imposed *by Defendant*. Plaintiff does not allege, for example, that the suspension resulted in a reduction in her pay or rendered her ineligible for a promotion.[2] Most fundamentally, Plaintiff does not explain why the everyday annoyances she identifies are actionable under *Burlington*, and she offers no authority to contradict the commonsense principle that discipline removed from an employee's record cannot constitute a materially adverse action.

At bottom, all of these actions—increased scrutiny of Plaintiff's schedule, a "meets expectations" rating, and a rescinded suspension—are, at most, the "petty slights or minor annoyances" that do not amount to the "significant" harms required to qualify as materially adverse actions. *Burlington*, 548 U.S. at 68. Accordingly, none of these actions support Plaintiff's retaliation claim.

## II. The Allegations in the Amended Complaint Do Not Raise a Reasonable Inference of Retaliatory Animus

Even assuming Plaintiff has pled a materially adverse action, the allegations in the Amended Complaint do not raise an inference that these actions were related to her protected activity. Her failure to allege this causal link is fatal to her retaliation claim.

The only person Plaintiff claims harbored retaliatory animus was Greene. Am. Compl.

---

[2] Although Plaintiff argues that she was ineligible for certain assignments during her suspension, Am. Compl. ¶ 47 n.2, it is entirely unclear how this is separate from the suspension itself or constitutes a materially adverse action.

¶¶ 53-55; Dkt. 28, at 4-5.  She has nevertheless failed to allege adequately that Greene even knew about her protected activity.  As Defendant explained in its opening brief, although Greene obviously was aware of Plaintiff's detail, *see id.* ¶¶ 10, 13, 15, Plaintiff offers no reason other than her own "information and belief" to think that he knew *why* Plaintiff had been detailed—namely, because of the settlement of her prior discrimination case.  *See* Dkt. 22, at 10-11.  Rather than alleging facts showing "that the decisionmaker was aware of the protected activity at the time the alleged retaliation occurred," *Roberts v. Glenn Indus. Grp.*, 998 F.3d 111, 124 (4th Cir. 2021), Plaintiff asks the Court to infer that, because Greene was her supervisor, he must have known about her protected activity.  Dkt. 28, at 6.  This "speculative theor[y]" of Greene's knowledge is insufficient to state a plausible claim of retaliation.  *Roberts*, 998 F.3d at 126 (citation omitted).

Moreover, recognizing that Greene was not the actual decisionmaker regarding the extension of her detail, Plaintiff argues that his alleged retaliatory animus can be imputed to Cassone.  Dkt. 28, at 4-5.  Under a cat's paw theory, however, a lower-level employee's animus can be imputed to the ultimate decisionmaker only when the employee harboring retaliatory animus had some decisionmaking authority over the employment action.  *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 291 (4th Cir. 2004) (en banc), *overruled in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *Roberts v. Gestamp W. Va., LLC*, 45 F.4th 726, 739 (4th Cir. 2022) (rejecting cat's paw argument when employee who harbored animus did not have "any role" in terminating other employees, even though he "may have substantially influenced" the decision).  Here, like in *Roberts*, Plaintiff does not allege that Greene was "principally responsible" for Cassone's decision not to extend her detail.  45 F.4th at 739 (citation omitted).  To the contrary, Plaintiff alleges only that Greene's depiction of her

negatively impacted Cassone's previously high opinion; she does not allege that Greene had any actual role in Cassone's decision not to extend her detail.³  Am. Compl. ¶¶ 23-24, 26, 37.

With respect to Plaintiff's non-selection for the ATF position, Plaintiff has wholly ignored—and therefore conceded, *see Intercarrier Comms., LLC v. Kik Interactive, Inc.*, 2013 WL 4061259, at *3 (E.D. Va. Aug. 9, 2013), Defendant's argument that cat's paw liability is unavailable.  The decisionmakers for the ATF application were employed by an entirely different agency than Greene and are unidentified in the Amended Complaint, and Plaintiff does not allege that the ATF decisionmakers ever communicated with Greene.  Moreover, Plaintiff does not allege that Greene's recommendation was even required for her application—she initially had sought a recommendation from another supervisor—and she admits that she progressed to the second round of interviews without a letter from Greene.  Am. Compl. ¶¶ 25, 28.  Under these circumstances, it is impossible for the Court to infer that the unnamed ATF decisionmakers implemented Greene's retaliatory animus by rejecting Plaintiff for the ATF position.

Finally, even if Plaintiff had adequately alleged Greene's knowledge of her protected activity and that he had sufficient influence over the ultimate decisions, she still has failed to allege a causal connection between her protected activity and the non-renewal of her detail or her non-

---

³ Plaintiff's reliance on *Staub v. Proctor Hospital*, 562 U.S. 411 (2011), is inapposite.  Under *Staub*, an employer may be liable under Title VII "if a supervisor performs an act motivated by [retaliatory animus] that is *intended* by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action." *Id.* at 422.  Here, however, even assuming Plaintiff has plausibly alleged that Greene harbored retaliatory animus—which she has not—the Amended Complaint contains nothing more than conclusory speculation that Greene's "persistent depictions of [her] as a deceitful employee persuaded Mr. Cassone not to renew [her] detail." Am. Compl. ¶ 37.  This "mere conclusory statement" does not state a plausible claim that Greene's conduct was a proximate cause of Cassone's decision not to renew Plaintiff's detail. *Iqbal*, 556 U.S. at 678.  And given the unnamed ATF decisionmakers' lack of contact with Greene, it is impossible to infer that Greene's opinion of Plaintiff was a proximate cause of her non-selection for the ATF position.

selection for the ATF position. To allege causation through temporal proximity, a plaintiff's protected activity and the materially adverse action must be "very close" together in time. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam). Courts routinely hold that a three-month gap is sufficiently long to sever any inference of causation. *See, e.g.*, *id.* (citing cases); *Roberts*, 998 F.3d at 127 (three months insufficient); *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (three to four months insufficient); *Perry v. Kappos*, 489 F. App'x 637, 643 (4th Cir. 2012) (two to three months insufficient). Here, although the settlement agreement was finalized in July 2021, Plaintiff alleges that Greene had knowledge of her protected activity "in or around *early June* 2021"—three months before she applied for the ATF position, and five months before her detail was not renewed. Am. Compl. ¶¶ 15, 25, 35, 55 (emphasis added).[4] Given this temporal gap, Plaintiff has not plausibly alleged a causal link between her protected activity and the employment actions she challenges.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed in its entirety for failure to state a claim.

---

[4] Plaintiff does not respond to Defendant's argument, raised in its opening brief, that because Greene first declined to support her for a detail *before* she engaged in protected activity, there can be no inference of discrimination when he did so again thereafter. Dkt. 22, at 12. The Fourth Circuit has held that no inference of retaliatory animus arises when the "bitter status quo" between an employer and employee is the same before and after the employee's protected activity. *Feldman v. L. Enf't Assocs. Corp.*, 752 F.3d 339, 349 (4th Cir. 2014); *see also Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 309 (4th Cir. 2006) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." (quotation marks and citations omitted)); *see also Bullock v. Kendall*, 2022 WL 2828221, at *2 (4th Cir. July 20, 2022). This is an independent basis to reject Plaintiff's retaliation claim.

Dated: October 2, 2023                                    Respectfully submitted,

                                                          JESSICA D. ABER
                                                         UNITED STATES ATTORNEY

*By:*                   /s/
                                                         HUGHAM CHAN
                                                         KIRSTIN K. O'CONNOR
                                                        Assistant United States Attorneys
                                                        Office of the United States Attorney
                                                        Justin W. Williams U.S. Attorney's Building
                                                        2100 Jamieson Avenue
                                                        Alexandria, Virginia 22314
                                                        Tel:    (703) 299-3743/3799
                                                        Fax:   (703) 299-3983
                                                        Email:  Hugham.Chan@usdoj.gov
                                                                   Kirstin.O'Connor@usdoj.gov

                                                        *Counsel for Defendant*